ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

2010 JUN 25 AM 11: 34

CAdams

| | |
|---|---|
| NORMAN HAMPTON, III, | ) |
| Plaintiff, | ) |
| v. | ) CV 310-030 |
| RALPH KEMP, Warden, Wheeler Correctional Facility, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on May 28, 2010, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 11.) Rather than submit an amended compliant, Plaintiff filed a "Brief in Answer to Order of Court Dated May 28th 2010" (doc. no. 12), wherein he takes issue with the Court's Order directing him to file an amended complaint. In the May 28th Order, the Court explained:

> Although Plaintiff generally describes the basis for his complaint, nowhere does he explain how Defendant Kemp [the only Defendant named in the case] participated in, or is responsible for, any of the events forming the basis of his complaint. Furthermore, Plaintiff has not explained how the WCF policy that tennis shoes be purchased from a designated vendor violates his equal protection rights.[1] At best, Plaintiff argues that the policy violates Georgia law.

(Doc. no. 11, p. 2.) Noting these pleading deficiencies, the Court directed Plaintiff to file an amended complaint and provided him with instructions to assist him in filing a viable claim.

In his answer to the Court's May 28th Order, Plaintiff asserts that, "he finds no lawful need for him to amend anything to his initial complaint."[2] (Doc. no. 12, p. 2.) Additionally, Plaintiff improperly asserts that the Court directed him to amend his complaint to include

---

[1] The Court is aware that Plaintiff is not required to plead his alleged causes of action with specificity; nonetheless, Plaintiff must provide enough information to give Defendant fair notice of the basis of his asserted claims. For example, to state a viable equal protection claim, a prisoner must allege: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as race. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*).

[2] Indeed, Plaintiff asserts that he "is also mindful that such extraordinary requests of the Court's (May 28th) order presents a very thin line between the interest of justice and the deliberate miscarriage of justice by the Court in its attempt to misguide Plaintiff. . . ." (Doc. no. 12, p. 3.)

2

legal argument regarding his allegations. (Id. at 1.) Notably, the Court simply explained to Plaintiff that he did not describe how Defendant Kemp may have violated his constitutional rights. In other words, Plaintiff did not attribute any actions by Defendant Kemp that explain how Defendant Kemp was involved with the events that form the basis of Plaintiff's complaint. The Court did not require Plaintiff to assert any legal argument; the Court simply asked Plaintiff to elaborate on the facts forming the basis of his complaint.

In his "answer" to the Court's May 28th Order, Plaintiff requests that the Court allow him "to proceed in his efforts of seeking justice upon this particular matter without the interference of dummy litigation." (Doc. no. 12, p. 2.) Despite having been afforded the opportunity to correct his pleading deficiencies, Plaintiff has chosen not to do so. Thus, the Court will screen Plaintiff's original complaint as per his request.

I. **SCREENING OF COMPLAINT**

Liberally construing Plaintiff's original complaint, the Court finds the following. Plaintiff names Ralph Kemp, the Warden at WCF, as the only Defendant in this case. (Doc. no. 1.) Plaintiff maintains that the policy and procedure at WCF regarding the purchase of tennis shoes from one designated vendor "creates a criminal law violation of the state of Georgia. . . ." (Id. at 4.) Plaintiff claims that this procedure somehow violates, among other things, his equal protection rights. (Id.)

II. **DISCUSSION**

As previously noted, Plaintiff names Defendant Kemp as the only Defendant in this case. As noted in the Court's May 28th Order, Plaintiff did not describe any actions taken by Defendant Kemp and did not explain how Defendant Kemp may have violated his

constitutional rights. In fact, as also noted in the Court's May 28th Order, Plaintiff has not alleged any constitutional violation; at best he argues that the policy that inmates must purchase tennis shoes from one designated vendor violates Georgia law. (Doc. no. 11, p. 2.) Plaintiff's use of buzz-words and phrases that his Fourteenth Amendment rights and Equal Protection rights were violated is simply not sufficient to describe a violation of a constitutional right. Indeed, Plaintiff himself acknowledged that he was attempting to assert state law claims against Defendant Kemp, as Plaintiff argued that requiring him to purchase tennis-shoes from one designated vendor violated Georgia law. (Doc. no. 1, p. 4; doc. no. 12, p. 2.)

Thus, although Plaintiff asserts in conclusory fashion that his Fourteenth Amendment and Equal Protection rights have been violated, these phrases, without any facts in support of these allegations are simply not sufficient to allege a constitutional violation. Indeed, the Eleventh Circuit has explained, vague and conclusory allegations are not sufficient to state a claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim).

Furthermore, even if Plaintiff had asserted a violation of a constitutional right, which he did not, his complaint still fails to state a claim upon which relief can be granted. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Nowhere does Plaintiff identify any action taken by an individual person, let alone Defendant Kemp. See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980)

4

("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant Kemp with an alleged unconstitutional deprivation, Plaintiff fails to state a claim upon which relief can be granted.

Additionally, to the extent that Plaintiff is attempting to sue Defendant Kemp based on his supervisory status, "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged any facts against Defendant Kemp, let alone that he actually participated in any purported constitutional violation.[3]

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Kemp and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an

---

[3]The only statement Plaintiff makes that arguably concerns Defendant Kemp is that, "[t]hrough institutional mail, [the] warden refused to accept [an] anti-litem [notice that was] returned to [Plaintiff.]" (Doc. no. 1, p. 4.) However, this statement has nothing to do with Plaintiff's federal § 1983 claim.

alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[4] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has proffered no allegations to suggest that Defendant Kemp knew about any widespread abuse or that he was responsible for a custom or policy which resulted in ignoring Plaintiff's rights. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Kemp.

Therefore, because Plaintiff has failed to state any viable federal claims against the only Defendant, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or

---

[4]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

6

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

Simply put, even *liberally* construing Plaintiff's complaint, he has not alleged

7

sufficient information to show that he is entitled to relief in federal court. Therefore, the above-captioned complaint should be dismissed for failure to state a claim upon which relief may be granted, and Plaintiff's state law claims should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set for above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, his state claims be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of June, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE