ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2010 AUG 19 PM 1:44

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NORMAN HAMPTON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-030 |
| | ) | |
| RALPH KEMP, Warden, Wheeler Correctional Facility, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. (Doc. no. 13.)

Before the Court addresses Plaintiff's objections, recounting the procedural history of this case will be helpful. Prior to the Magistrate Judge screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A, Plaintiff was afforded the opportunity to correct noted pleading deficiencies in his complaint.[1] (See doc. no. 11.) However, Plaintiff opted not to do so. (Doc. no. 12.). Thus, the Magistrate Judge screened Plaintiff's original

---

[1] Plaintiff did not explain how Defendant Ralph Kemp, the Warden at Wheeler Correctional Facility ("WCF") was involved in any wrong-doing. Plaintiff's complaint also failed to set forth any alleged constitutional violation.

complaint. (Doc. no. 13.) Interestingly, faced with a recommendation for dismissal of his complaint, Plaintiff's objections now attempt to provide the information that the Magistrate Judge had instructed him to provide in the Order directing Plaintiff to amend his complaint. Plaintiff's belated attempt to comply with the Magistrate Judge's Order falls short of the mark.

In the complaint, Plaintiff named Ralph Kemp, the Warden at WCF, as the only Defendant in this case. (Doc. no. 1.) Plaintiff maintained that the policy and procedure at WCF regarding the purchase of tennis shoes from one designated vendor "creates a criminal law violation of the state of Georgia. . . ." (Id. at 4.) Plaintiff claimed that this procedure somehow violated, among other things, his equal protection rights. (Id.)

In the R&R, the Magistrate Judge found that Plaintiff had not made an allegation of any connection between the actions of Defendant Kemp (the only named Defendant) with an alleged unconstitutional deprivation. (Doc. no. 13, p. 5.) Indeed, the Magistrate Judge found that Plaintiff failed to allege any constitutional violation.[2] (Id. at 4.) Next, the Magistrate Judge found that to the extent Plaintiff was attempting to sue Defendant Kemp in his supervisory capacity, his claim failed. (Id. at 5-6.) Finally, because Plaintiff did not show that he was entitled to relief in federal court, the Magistrate Judge recommended dismissing Plaintiff's state law claims without prejudice. (Id. at 7-8.)

In his objections to the R&R, Plaintiff provides, for the first time, that he is suing Defendant Kemp because as the Warden at WCF, he is responsible for the inmates

---

[2]The Magistrate Judge noted that, at best, Plaintiff alleged that Defendant Kemp violated Georgia law. (Doc. no. 13, pp. 3-4.)

2

incarcerated there. (Doc. no. 15, pp. 1-2.) Plaintiff next asserts that the policy and procedure requiring him to purchase tennis shoes from one designated vendor violates his due process and Fourteenth Amendment rights because the policy and procedure "infringes upon [his] Consumer rights as a buyer . . . [because it] prevents [him] from having access to free trade." (Id. at 3.) In support of his "consumer rights as a buyer" theory, Plaintiff relies on various Georgia statutes, including O.C.G.A. §§ 13-8-2.1, 16-7-85, and 16-8-16. Additionally, Plaintiff states that his Equal Protection rights have been violated because his "privilege and/or right to have what this institution allows to other inmates (tennis shoes)." (Id. at 4.) As such, Plaintiff argues that he his being treated differently. (Id.) None of this belated information changes the analysis set forth in the R&R.

First, the R&R clearly sets forth why Defendant Kemp is not liable to Plaintiff in his supervisory capacity. (Doc. no. 13, pp. 5-6.) Additionally, Plaintiff still has not alleged any constitutional violation; he continues to assert violations of Georgia law. To the extent Plaintiff maintains that he is treated differently because he is denied his privilege and/or right to have "what [WCF] allows other inmates," tennis shoes, this argument simply misses the mark. Plaintiff complains about the WCF policy and procedure that requires inmates to purchase tennis shoes from one vendor, the Court does not see that this policy translates to Plaintiff being treated any differently than any other inmate at WCF who is required to purchase shoes from the same vendor. Furthermore, nowhere does Plaintiff allege that he is not permitted, or has been denied the right, to have tennis shoes. Plaintiff simply resents that he does not have a large selection of vendors from whom to purchase shoes. As provided in the R&R, this does not rise to the level of a constitutional violation. Thus,

3

Plaintiff provides no basis for rejecting the Magistrate Judge's conclusions.

As such, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, any potential state law claims are **DISMISSED** without prejudice, and this case is **CLOSED**.

SO ORDERED this 19th day of August, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE